**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

| | | |
|---|---|---|
| BRADY HOLLANDER, Plaintiff, | * | |
| v. | * | CV 126-113 |
| TODD BROWN; KEITH FOSTER; SAMUEL RONEY; SEAN GAMBLE; and COLUMBIA COUNTY SHERIFFS/ COLUMBIA COUNTY, Defendants. | * | |

**O R D E R**

Plaintiff, currently a pretrial detainee at Columbia County Detention Center, in Appling, Georgia, (doc. 1, at 5), is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I. Screening the Complaint

### A. Background

Plaintiff names five Defendants: (1) Todd Brown, an investigator with the Columbia County Sheriff's Office; (2) Keith Foster, a customer of Plaintiff who reported criminal activity;

(3) Samuel Roney, a customer of Plaintiff who reported criminal activity; (4) Sean Gamble, the public defender representing Plaintiff in his underlying criminal proceedings; and (5) Columbia County Sheriffs/Columbia County. (Doc. 1, at 2-4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Defendant Todd Brown swore out criminal warrants against Plaintiff after investigating the complaints of Defendants Roney and Foster that Plaintiff took payments for fencing projects that he never began or completed. (Id. at 6, 7, 18-21.) Defendant Brown then arrested Plaintiff on criminal charges outlined in the warrants, even though the matters should have been handled as civil, breach of contract, matters. (Id. at 4, 6-7); see also *https://clerkofcourtcolumbia.com/court-case-info/*; select Click Here to Search Dockets; select Criminal Search; search "Hollander, Brady" in Superior Court; select 2025CR0678, Attached hereto as Exhibit A (hereinafter "2025CR0678") (last visited Oct. 1, 2026).

Defendant Gamble has exerted little to no effort in representing Plaintiff, does not respond to Plaintiff's letters, and does not act in Plaintiff's best interest because he tries to get Plaintiff to plead guilty rather than defend the case in accordance with Plaintiff's wishes. (Doc. 1, at 6.) Plaintiff ultimately entered a guilty plea after filing this case. See CV 2025CR0678. Plaintiff seeks $10,000,000 in damages for the pain and suffering, as well as defamation, he has endured as a result

of this malicious prosecution, which has resulted in the loss of Plaintiff's home, vehicles, and business during his incarceration pending trial. (Doc. 1, at 8.)

## B. Discussion

### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to

raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**2. The Court Should Abstain Under the Younger Doctrine**

Dismissal of Plaintiff's claims is warranted under the Younger abstention doctrine because Plaintiff's criminal case was pending in the Superior Court of Columbia County when this federal case was

filed, and may still be pending for purposes of any attempt to withdraw the guilty plea. See CV 2025CR0678; O.C.G.A. § 17-7-93(d) (explaining time limits for filing motion to withdraw guilty plea after entry of judgment); see also Pompey v. Broward Cnty., 95 F.3d 1543, 1547-48 (11th Cir. 1996) (explaining abstention appropriate so long as plaintiff's claims could still be raised claims in state court). Investigations and charging decisions during state criminal proceedings belong to state authorities, and the question of whether a federal court should abstain from interfering with a state judicial proceeding under the principle of Younger v. Harris, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges."[1] 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003).

All three factors weigh in favor of abstention. First, public records confirm what the complaint implies, i.e., state criminal

[1]While Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, the Eleventh Circuit has also indicated that Younger abstention extends to cases involving § 1983 claims for damages. See Boyd v. Georgia, 512 F. App'x 915, 917-18 (11th Cir. 2013) (*per curiam*) (affirming dismissal without prejudice, pursuant to Younger abstention, of § 1983 complaint seeking monetary damages).

proceedings are ongoing, at least as to any professed intention to challenge a conviction based on Plaintiff's guilty plea. See CV 2025CR0678. Second, the state proceeding implicates an important state interest in criminally prosecuting individuals who violate state criminal laws. See, e.g., Juidice v. Vail, 430 U.S. 327, 335 (1977) (recognizing important state interest in enforcing its laws); see also Younger, 401 U.S. at 45 (explaining federal courts should not intervene in state criminal prosecutions). Third, Plaintiff has not established that the state proceeding would fail to provide an adequate remedy for his federal claims. See 31 Foster Children, 329 F.3d at 1279. For example, to the extent it appears Plaintiff may have entered a guilty plea since the time he commenced this federal case, there are state procedures in place which define the circumstances under which a person may file to withdraw his guilty plea. See O.C.G.A. 17-7-93; see also Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1263 n.7 (11th Cir. 2004) ("The policy of equitable restraint expressed in Younger . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." (citation omitted)); Bradley v. State, 828 S.E.2d 322, 323 (Ga. 2019) (affirming denial of motion to withdraw guilty plea).

In sum, Plaintiff's criminal proceeding is ongoing, implicates an important state interest, and will provide an

adequate opportunity to raise constitutional challenges to his criminal charges.[2] Thus, this Court should abstain from ruling under the Younger doctrine, and this case should be dismissed in its entirety, without prejudice. See Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (*per curiam*) (affirming *sua sponte* dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (*per curiam*) (noting that "[a] dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the complaint").

### 3. Plaintiff Has No Claim Against Investigator Brown for Malicious Prosecution

Even if Younger abstention did not apply, Plaintiff has no claim against Investigator Todd Brown for malicious prosecution. That is, to the extent Plaintiff may be attempting to raise claims against Investigator Brown based on an allegation that he knew or should have known the dispute over payment with Defendants Foster and Roney was a civil rather than criminal matter and therefore

[2]For the sake of completeness, the Court notes that even if Plaintiff's underlying direct criminal case has concluded since he filed this federal case, and pretermitting any assertion the nature of Plaintiff's damages might impact the Younger analysis, Plaintiff would not have a valid claim for monetary damages based on allegations of unconstitutional actions that he asserts led to his conviction. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held, "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence" has been reversed, expunged, declared invalid, or called into question by the issuance of a federal writ of habeas corpus. Id. at 486-87. Plaintiff has made no such allegation that his conviction, apparently obtained by his own guilty plea, has been overturned by any of the methods identified in Heck.

his seizure and prosecution pursuant to the warrants he obtained was improper, those claims fail.

To establish a § 1983 malicious prosecution claim, "a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free of unreasonable seizures." Paez v. Mulvey, 915 F.3d 1276, 1285 (11th Cir. 2019) (citation and quotation marks omitted); see also Williams v. Aguirre, 965 F.3d 1147, 1157 (11th Cir. 2020) ("[T]his Court uses 'malicious prosecution' as only 'a shorthand way of describing' certain claims of unlawful seizure under the Fourth Amendment." (citations omitted)). The elements of the common law tort of malicious prosecution include: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." Paez, 915 F.3d at 1285 (citation omitted). A malicious prosecution claim does not accrue until the favorable termination occurs. See, e.g., Heck v. Humphrey, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." (citations omitted)). The lack of any allegation that the underlying criminal proceeding has terminated in Plaintiff's favor is fatal to any malicious prosecution claim.

**4. Plaintiff Has No Claim Against the Columbia County Sheriff's Office or Columbia County**

Plaintiff also fails to state a claim against the Columbia County Sheriff's Office because it is not a "person" capable of being sued under § 1983. Appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted); see also Herrington v. Effingham Cnty. Sheriff's Off., CV 411-099, 2011 WL 2550464, at *1 (S.D. Ga. Apr. 21, 2011) ("However, [Plaintiff] cannot sue the sheriff's department because it is not capable of being sued." (citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992), and collected cases)), *adopted by* 2011 WL 2550459 (S.D. Ga. June 27, 2011); Smith v. Dekalb Ctny. Sheriff's Off., Civil Action No. 109-CV-2820, 2010 WL 308984, at *2 (N.D. Ga. Jan. 22, 2010) (same).

To the extent Plaintiff may be attempting to sue Columbia County separately from its Sheriff's Office, any such claim fails. To impose § 1983 liability on a county, Plaintiff must show three things: "(1) that his constitutional rights were violated; (2) that the county had a custom or policy that constituted deliberate

indifference to that constitutional right, and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Here, Plaintiff does not allege Columbia County had a custom or policy that violated his constitutional rights, much less does he allege such a policy or custom caused the violation. (See generally doc. 1.) Rather, his claims center around the purported improper criminal charges that he asserts should have been pursued as a civil, breach of contract matter. (See generally id.) Thus, even if the Court assumed *arguendo* Plaintiff could show his constitutional rights had been violated, he fails to state a claim against Columbia County because he did not allege two elements required to impose § 1983 liability.

**5. Plaintiff Has No Claim Against Public Defender Sean Gamble**

Public defenders are not liable under § 1983 because "they are not state actors for purposes of § 1983." Rolle v. Green, 712 F. App'x 897, 899 (11th Cir. 2017) (*per curiam*) (citing Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)). "[R]epresentation of a client is an essentially private function, for which state office and authority are not required; and that a public defender is paid by the state . . . has no bearing on the lawyer's duties and obligations." Wusiya v. City of Miami Beach, 614 F. App'x 389, 392-93 (11th Cir. 2015) (*per curiam*) (citing Polk Cnty., 454 U.S. at 318-19). As Plaintiff's claims against Defendant Gamble rest

entirely on his actions taken as a public defender, Plaintiff fails to state a valid § 1983 claim against him.

**6. Plaintiff Has No Claim Against Defendants Foster and Roney Based on Their Decision to Report Criminal Activity to Investigator Brown**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). A private person is only viewed as acting under color of state law if "there is such a close nexus between the State and the challenged action that seemingly private behavior" may be fairly attributed to the State. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (internal quotations and citations omitted).

Plaintiff has failed to allege any such nexus, complaining only that Defendants Foster and Roney reported Plaintiff's failure to perform fencing work after taking their money, not that they were actually responsible for any charging decisions or decision by Defendant Brown to determine a crime had been committed and

seek a warrant against Plaintiff. Thus, any federal claim against Defendants Foster and Roney must be dismissed. See Lindke v. Freed, 601 U.S. 187, 194-95 (2024) (emphasizing § 1983 protects against acts attributable to State, not a private person); King v. King, 342 F. Supp. 3d 1364, 1374 (M.D. Ga. 2018) (concluding that using process available to any private individual to report a crime not a basis for § 1983 liability as a state actor).

### 7. Plaintiff Cannot Seek Dismissal of His State Charges in this Lawsuit

To the extent Plaintiff asks the Court to grant the extraordinary remedy of stepping into his pending criminal case and declaring his charges dismissed, (doc. 1, at 7), he is not entitled to this remedy for at least two reasons. First, a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement' . . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Federal habeas corpus statutes and § 1983 "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights action." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).

Second, even if Plaintiff had filed a federal habeas petition, it would be entirely premature. Under the Anti-Terrorism and Effective Death Penalty Act of 1996, and in accordance with the

traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c) (emphasis added). Plaintiff does not allege he has made any attempt to invoke any available state court procedures to seek dismissal of his pending charges.

**8. Any Potential State Law Claim Should Be Dismissed Without Prejudice**

For the sake of completeness, the Court notes some of Plaintiff's claims could be liberally construed as state law claims, as he mentions, for example, defamation, slander, and emotional distress, without specific statutory reference or factual detail. To the extent Plaintiff might have any viable state law claim, it should be dismissed without prejudice so that Plaintiff may pursue it, if he so chooses, in state court. Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part

of the same case or controversy under Article III of the United States Constitution." Id. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, the Court has determined that the allegations serving as the basis for original federal court jurisdiction must be dismissed under Younger abstention or otherwise fail to state a claim upon which relief may be granted. Thus, the Court must conclude the federal courts do not retain jurisdiction over any potential state law claim, and any such claim should be dismissed without prejudice. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well.").

**II. Conclusion**

For the reasons set forth above, the Court **DISMISSES** Plaintiff's federal case, along with any potential state law claims, without prejudice and **CLOSES** this civil action.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of October, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA